## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-230(2) (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joel Llamas Garcia, | |
| Defendant. | |

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kassius O. Benson, Kassius Benson Law, P.A., 3201 Hennepin Avenue, Minneapolis, MN 55408 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 34;

2. Defendant's Motion for Discovery and Inspection Pursuant to Rule 16, ECF No. 38;

3. Defendant's Motion for Disclosure of Any *Brady* Evidence or Any Evidence That is "Helpful" to the Defense, ECF No. 39;

4. Defendant's Motion for Pretrial Disclosure of Identity of Informants, Informant File, and Benefits Received by Informants, ECF No. 40;

5. Defendant's Motion for Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment, ECF No. 41;

6. Defendant's Motion for Early Disclosure of Jencks Material, ECF No. 42;

1

7. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 43; and

8. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants, ECF No. 44.

A hearing was held on January 20, 2021. ECF No. 71. Assistant United States Attorney LeeAnn K. Bell appeared on behalf of the United States of America (the "Government"). Attorney Kassius O. Benson appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 34, is **GRANTED IN PART** and **DENIED IN PART**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2 as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's motion.

The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). *See also infra* ¶ 2. In its motion, the Government proposed that principal experts be disclosed 20 days before trial and rebuttal experts be disclosed 10 days prior to trial. In its consolidated response to Defendant's motions, the Government altered that proposal slightly to 21 and 7 days, respectively. Resp. to Pretrial Mots. at 2, ECF No. 65. At the hearing, the Government clarified that its proposal was 21 and 7 days and Defendant had no objection to this proposed timeline.

Consistent with the parties' agreement, no later than 21 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 7 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Motion for Discovery and Inspection Pursuant to Rule 16, ECF No. 38, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure, including expert discovery.

The Government states that it "has already complied with Rule 16(a)(1)(A)-(F) and has even made discovery not required by law." Resp. to Pretrial Mots. at 1. The Government "objects to any discovery order which exceeds the requirements of Rule 16." Resp. to Pretrial Mots. at 1.

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. The Court has addressed expert disclosures in connection with the Government's motion. *See supra* ¶ 1. Defendant's discovery requests are denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

3. Defendant's Motion for Disclosure of Any *Brady* Evidence or Any Evidence

That is "Helpful" to the Defense, ECF No. 39, and Motion for Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment, ECF No. 41, are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant also seeks information regarding informants, which the Court will address in connection with his Motion for Pretrial Disclosure of Identity of Informants, Informant File, and Benefits Received by Informants, ECF No. 40. *See infra* ¶ 4.

The Government acknowledges its obligations under these authorities, and states that it has complied and will continue to comply with those obligations. The Government objects to Defendant's motions to the extent they seek information beyond these authorities.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility

4

evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motions and discovery requests are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. While the Court is not ordering the Government to disclose Jencks Act materials early, *see infra* ¶ 5, the Court encourages the parties to disclose such materials no later than 3 business days before trial.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or materials that have already been produced, these requests are denied. *See Johnson*, 228 F.3d at 924.

4. Defendant's Motion for Pretrial Disclosure of Identity of Informants, Informant File, and Benefits Received by Informants, ECF No. 40, and requests for information regarding informants, *see supra* ¶ 3, are **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that the Government disclose the identity of any informants utilized in the investigation of this matter as well as their prior criminal convictions and any benefits they may have received. Defendant requests that this information "be disclosed as soon as practicable." ECF No. 40 at 1.

The Government has no objection to Defendant's request "[t]o the extent such sources/informants are discoverable," and proposes making disclosures "at least three weeks before trial." Resp. to Pretrial Mots. at 3. At the hearing, Defendant was agreeable to the Government's proposed timeline.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United*

6

*States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. "If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018).

To the extent there are informants or cooperating individuals who were percipient witnesses to the crimes with which Defendant is charged or whose testimony will be material to the determination of the case against Defendant, the Government shall disclose the identities of such individuals and provide the requested information no later than three weeks prior to trial consistent with the parties' agreement.

To the extent Defendant seeks information regarding any other informants or cooperating individuals, his motion and requests are denied as he has failed to meet his burden of demonstrating the need for disclosure of these individuals. *See Alcantar*, 271

7

F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)).

5. Defendant's Motion for Early Disclosure of Jencks Material, ECF No. 42, is **DENIED**. Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least four weeks prior to trial. The Government objects to any Court-ordered early disclosure.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than 3 business days before trial.

6. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 43, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that the Government

provide "notice of its intent to introduce any and all evidence of other crimes, wrongs, or bad acts allegedly committed by Defendant, [c]odefendants, or any alleged co-conspirator" pursuant to Federal Rule of Evidence 404(b).  ECF No. 43 at 1.

The Government states that it "is fully aware of its obligations under Rule 404(b) and intends on fully complying with [those] obligations."  Resp. to Pretrial Mots. at 3.  The Government further states that it "intends to produce all such evidence as soon as practicable" and proposes that "all 404(b) disclosures be made no later than [14] days prior to trial and on a continuing basis thereafter."  Resp. to Pretrial Mots. at 3-4.  At the hearing, Defendant was satisfied with the Government's proposed timeline.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other

9

crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

7. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants, ECF No. 44, is **DENIED IN PART** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant seeks an order compelling the Government "to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation of which statements or confessions the [G]overnment plans to so utilize." ECF No. 44 at 1. The Government objects to this motion and incorporates by reference its response to Defendant's motion for early

10

production of Jencks Act materials.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion insofar as it seeks pretrial disclosure of statements or confessions of any co-defendant pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Accordingly, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that

casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, however, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). To the extent Defendant's motion can be construed as seeking relief related to any *Bruton* issues, it is premature and denied without prejudice.

8. All prior consistent orders remain in full force and effect.

[Continued on next page.]

9.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: February  19  , 2021                     *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota


                                              *United States v. Garcia*
                                              No. 20-cr-230(2) (ECT/TNL)